## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 14 2019, 7:09 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Andrew R. Falk
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Roberto Carlos Bernal-Andraca, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | August 14, 2019 <br><br> Court of Appeals Case No. 19A-CR-385 <br><br> Appeal from the Hendricks Superior Court <br><br> The Honorable Rhett M. Stuard, Judge <br><br> Trial Court Cause No. 32D02-1712-CM-1692 |

**Tavitas, Judge.**

## Case Summary

Roberto Carlos Bernal-Andraca appeals his conviction for operating a vehicle while intoxicated while endangering a person, a Class A misdemeanor. We affirm.

## Issue

The sole issue on appeal is whether the State presented sufficient evidence that Bernal-Andraca endangered himself or another person.

## Facts

This appeal stems from Bernal-Andraca's operation of his vehicle in the parking lot of Casey's General Store (the "gas station"), a convenience store and gas station, located in Brownsburg, Indiana. When the gas station cashier, Kaitlynn Johnson, arrived at work at approximately 7:00 a.m. on Christmas Eve 2017, she observed a lone gold sports utility vehicle "parked along the far side of the parking lot," beyond the gas station pumps. Tr. Vol. II p. 21. No other cars were parked in the parking lot, and no patrons were in the gas station.

Bernal-Andraca exited the vehicle and entered the gas station. Johnson observed that he was "leaning," but "he wasn't [ ] falling over or anything." *Id*. at 24. A few moments later, after resting his head on the coffee bar, Bernal-Andraca approached Johnson and asked to "prepay gas on pump one." *Id*. at 22. After Bernal-Andraca paid, he exited the gas station, re-entered his vehicle,

"made a wide turn[, and] almost hit [the] crash polls [sic]," before he parked "at an angle" at pump one. *Id*. at 24, 25.

[5] Although Bernal-Andraca did not drive at an unreasonable rate of speed, his unnecessarily wide turn and near-crash caused Johnson to "worry," and she reported the incident to the Town of Brownburg Police Department. *Id*. at 24. Johnson then observed Bernal-Andraca place the nozzle from the fuel pump into his vehicle and re-enter the vehicle as the gasoline pumped. Bernal-Andraca failed to exit his vehicle to remove the nozzle from his vehicle.

[6] Approximately ten minutes later, when Officer Daniel Brinson ("Officer Brinson") and Sergeant April Hyde ("Sergeant Hyde") of the Brownsburg Police Department responded to the scene, Bernal-Andraca was "asleep behind the wheel" or "passed out."[1] *Id*. at 36. The nozzle was still in Bernal-Andraca's gas tank but "had shut off"; and Bernal-Andraca's engine was running. *Id*. at 37. Officer Brinson observed various indicators of intoxication; Officer Brinson administered a field sobriety test—which Bernal-Andraca failed—and gave a portable breath test, which indicated the presence of alcohol. Officer Brinson read a Spanish translation of the Indiana Implied Consent Law, and Bernal-Andraca consented; however, Bernal-Andraca was unable to provide a sufficient breath sample. A subsequent blood draw at Hendricks Regional Health yielded a blood-alcohol concentration of 0.149.

---

[1] Johnson testified that Bernal-Andraca did not exit the vehicle before the police officers' arrival.

On December 26, 2017, the State charged Bernal-Andraca with operating a vehicle while intoxicated while endangering a person, a Class A misdemeanor. The trial court conducted a bench trial on January 18, 2019. Johnson and Officer Brinson testified to the foregoing facts. At the close of the evidence, the trial court found Bernal-Andraca guilty. As evidence of endangerment, the trial court found, "Miss Johnson testified that [Bernal-Andraca] took a wide turn [ ], he almost hit the[ ] crash poles which protect the gas pumps." *Id*. at 56. The trial court sentenced Bernal-Andraca to sixty days in jail. Bernal-Andraca now appeals.

## Analysis

In challenging the sufficiency of the evidence to establish his conviction, Bernal-Andraca only contests the State's evidence of endangerment. When there is a challenge to the sufficiency of the evidence, "[w]e neither reweigh evidence nor judge witness credibility." *Gibson v. State,* 51 N.E.3d 204, 210 (Ind. 2016) (citing *Bieghler v. State,* 481 N.E.2d 78, 84 (Ind. 1985), *cert. denied*). Instead, "we 'consider only that evidence most favorable to the judgment together with all reasonable inferences drawn therefrom.'" *Id.* (quoting *Bieghler,* 481 N.E.2d at 84). "We will affirm the judgment if it is supported by 'substantial evidence of probative value even if there is some conflict in that evidence.'" *Id.* (quoting *Bieghler,* 481 N.E.2d at 84)*; see also McCallister v. State,* 91 N.E.3d 554, 558 (Ind. 2018) (holding that, even though there was conflicting evidence, it was "beside the point" because that argument "misapprehend[s] our limited role as a reviewing court"). Further, "[w]e will affirm the conviction unless no

reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Love v. State,* 73 N.E.3d 693, 696 (Ind. 2017) (citing *Drane v. State,* 867 N.E.2d 144, 146 (Ind. 2007)).

[9] Indiana Code Section 9-30-5-2(a) provides that "[a] person who operates a vehicle while intoxicated commits a Class C misdemeanor." The offense "is a Class A misdemeanor if the person operates a vehicle in a manner that endangers a person." Ind. Code § 9-30-5-2(b).

[10] "The element of endangerment can be established by evidence showing that the defendant's condition or operating manner could have endangered any person, including the public, the police, or the defendant." *Burnett v. State*, 74 N.E.3d 1221, 1225 (Ind. Ct. App. 2017). "[T]he State is required[, however,] to present evidence beyond mere intoxication in order to prove the element of endangerment and support a conviction of OWI as a Class A misdemeanor." *Temperly v. State*, 933 N.E.2d 558, 567 (Ind. Ct. App. 2010), *trans. denied*, *cert. denied*; *see also Sesay v. State*, 5 N.E.3d 478, 484-85 (Ind. Ct. App. 2014) (rejecting State's argument "that unsupported speculation about what might happen or what could have happened is enough to prove endangerment" because "simply getting into a vehicle in an intoxicated state would constitute endangerment and every [OWI] offense would be the Class A misdemeanor."), *trans. denied*.

[11] The State argues that Bernal-Andraca endangered himself, and "subject[ed] himself to danger above the danger inherent to intoxication." Appellee's Br. p.

12. We agree. The evidence presented at trial, and reasonable inferences therefrom, establish that an intoxicated Bernal-Andraca: (1) drove so erratically to the fuel pump that Johnson expected him to crash into the surrounding poles; and (2) pumped gasoline into his vehicle while his engine was running and then fell asleep at the pump.

[12] Bernal-Andraca's reliance, in his brief, on *Temperly* and *Burnett* is misplaced because the State failed, in each of those cases, to present any evidence that the defendants operated their motor vehicles in a manner that endangered anyone, including themselves. The instant facts are similarly distinguishable from those in *Sesay*, 5 N.E.3d at 485, in which our court held that "it is the conduct of the intoxicated person that must cause the endangerment" and found that nothing about Sesay's conduct posed a threat of harm to him.

[13] Here, on the other hand, Bernal-Andraca's operation of his vehicle—while intoxicated—posed more than a speculative threat to him. By Johnson's account, Bernal-Andraca nearly crashed into the poles that protected the gas station's fuel pump shortly before he pumped gasoline into his vehicle with the engine still running and fell asleep with the vehicle still running. A reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt; thus, we conclude that the State presented sufficient evidence of endangerment to convict Bernal-Andraca.

## Conclusion

[14] Sufficient evidence exists to support Bernal-Andraca's conviction. We affirm.

[15]    Affirmed.

Crone, J., and Bradford, J., concur.